No. 206　　　　March 18, 2026　　　　827

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of K. C.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

A. A. C.,
aka A. A. C., aka V. C., aka A. M.,
*Appellant.*

Multnomah County Circuit Court
25JU00433; A188296

Jacqueline L. Alarcón, Judge.

Submitted January 22, 2026.

Shannon Storey, Chief Defender, Juvenile Appellate Section, and Sarah Peterson, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Interim Deputy Attorney General, and Jon Zunkel-deCoursey, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Egan, Judge, and Jacquot, Judge.

EGAN, J.

Reversed and remanded.

**EGAN, J.**

In this juvenile dependency case, mother (they/them) appeals from the judgment asserting dependency jurisdiction over their child, K, who was 18 months old at the time of the jurisdiction trial. In their first assignment of error, they claim that the trial court erred in asserting jurisdiction over K without determining that jurisdiction was warranted on grounds related to both of K's parents.[1] In their second through fifth assignments of error, they challenge the three jurisdictional bases on which the juvenile court asserted dependency jurisdiction as to mother and the court's ultimate ruling asserting jurisdiction. We conclude that the juvenile court erred in entering a judgment asserting jurisdiction on grounds related to only one of K's two parents. As explained more fully below, we therefore reverse and remand for the juvenile court to correct that defect.

*Standard of Review.* We review mother's claim that the court erred in entering a jurisdictional judgment on grounds concerning only one of K's two parents for legal error. *See Dept. of Human Services v. W. A. C.*, 263 Or App 382, 394, 328 P3d 769 (2014) (so reviewing). We review her claims that the evidence was legally insufficient to support dependency jurisdiction by "view[ing] the evidence, as supplemented and buttressed by permissible derivative inferences, in the light most favorable to the juvenile court's disposition and assess[ing] whether, when so viewed, the record was legally sufficient to permit the outcome." *Dept. of Human Services v. T. L. H. S.*, 292 Or App 708, 709, 425 P3d 775 (2018).

*Discussion.* The juvenile court is authorized to assert dependency jurisdiction over a child when the child's condition and circumstances expose the child to a current threat of serious loss or injury that will likely be realized. ORS 419B.100(1)(c); *Dept. of Human Services v. A. L.*, 268 Or App 391, 397-98, 342 P3d 174 (2015). The petitioner, usually and in this case the Oregon Department of Human Services

---

[1] Mother did not preserve this claim of error. But we have held that preservation is not required when the error appears for the first time in the judgment. *See State ex rel Dept. of Human Services v. M. A.*, 227 Or App 172, 182, 205 P3d 36 (2009).

(ODHS), bears the burden of proof. *Id.* That burden includes demonstrating a nexus between the child's allegedly risk-causing conditions and circumstances and a threat of harm to the child of the type, degree, and duration as to justify the state's intervention into the constitutionally protected family sphere. *Dept. of Human Services v. S. D. I.*, 259 Or App 116, 121, 312 P3d 608 (2013). Proof of harm or risk at some point in the past is insufficient; the threat must be current at the time of trial. *State v. S. T. S.*, 236 Or App 646, 654, 238 P3d 53 (2010). Nor can the risk be speculative; there must be a reasonable probability that the risk will be realized. *Dept. of Human Services v. J. H.*, 292 Or App 733, 738, 425 P3d 791 (2018).

A juvenile court cannot assert jurisdiction based on grounds concerning only one of a child's two parents. *See W. A. C.*, 263 Or App at 394 (holding that "a juvenile court cannot assert jurisdiction over a child based on the admissions of one parent when the other parent has been served and summoned, appears, and contests the allegations in the petition"); *see also Dept. of Human Services v. E. M.*, 264 Or App 76, 84-85, 331 P3d 1054 (2014) (reversing jurisdiction judgment notwithstanding the father's unfitness because the department failed to prove its allegations against the mother so "the record reflect[ed] one fit parent").

First, we address mother's challenges regarding the juvenile court taking dependency jurisdiction over K on all three bases related to mother: (4B) mother having mental health issues, (4C) mother lacking parenting skills, and (4F) mother exposing K to dangerous people. Ultimately, mother argues that the juvenile court erred in asserting dependency jurisdiction over K because the evidence was legally insufficient.

Having reviewed the evidentiary record, we conclude that there was legally sufficient evidence to support jurisdictional bases (4B), (4C), and (4F). The court determined that mother's mental health issues make it difficult for them to read people's emotions and distinguish safe from unsafe people, causing a pattern of mother "associating with unsafe people and exposing the child to unsafe people." That pattern included mother associating with Tossing—who was

a level 3 registered sex offender and had sexually abused a child—and allowing Tossing to have unsupervised contact with K, and mother exposing K to Drake, the man who sex trafficked mother. In addition, the undisputed evidence that mother blew marijuana smoke at the K's face and did not know that K had developmental delays and needed additional support also supports the court's ruling. Ultimately, we conclude that the juvenile court did not err in determining that the evidence was legally sufficient to support the assertion of dependency jurisdiction on bases concerning mother. *T. L. H. S.*, 292 Or App at 709.

Next, we address mother's first assignment of error, in which they argue that the juvenile court erred in asserting jurisdiction on bases concerning only mother, rendering the judgment defective. *See W. A. C.*, 263 Or App at 399 ("[T]he juvenile court can consider the admission by one parent as a fact in determining whether DHS proved the admitted allegation, but it cannot conclusively establish that allegation."). ODHS concedes that the jurisdictional judgment does not explicitly list the jurisdictional bases as to father but asserts that the error is harmless because the juvenile court took judicial notice of and entered an order memorializing father's admission to the jurisdictional bases concerning father.[2] We accept ODHS's concession but conclude that the error is not harmless, because, at a minimum, there is no valid judgment asserting jurisdiction over K as a result of the error. *Dept. of Human Services v. D. J.*, 259 Or App 638, 646, 314, P3d 998 (2013). Thus, we agree with mother that the juvenile court erred in entering a judgment in which it asserted jurisdiction based on conditions and circumstances concerning only mother. Contrary to ODHS's harmlessness argument, the judgment on its face is legally insufficient to establish dependency jurisdiction over K. As a result, we must reverse and remand for the juvenile court to address that defect.

Reversed and remanded.

---

[2] In January 2025, father entered admissions to two jurisdictional bases relative to him: (4D) "[F]ather lacks a custody order and is therefore unable to protect the child from mother's neglectful behavior, placing the child at a risk of harm;" and (4E) "[F]ather is not a custodial resource and is therefore unable to protect the child from mother's neglectful behavior, placing the child at risk of harm."